## GENERAL COURT, OCTOBER TERM, 1800.

THE STATE use of PINKNEY, *vs.* GOLDSMITH's Adm'r.

Oct. 1800

The State
vs.
Goldsmith.

IN this case a judgment was entered at May term 1799, for the penalty of the bond and costs, to be released on payment of a particular sum, with interest and costs, with the following agreement: "This judgment to bind assets which are or have been in hand, and future assets as they arise, and which may be subject to this judgment in a legal course of administration." The plaintiff sued out a *fieri facias* upon the judgment, returnable to this term, and there not being any property of the intestate to be found, the sheriff laid the *fieri facias* on the property of the administrator, to the *amount of the costs.*

A judgment against an executor, &c. "to bind assets which are or have been in hand," &c is nothing more than a judgment, when assets, and a *fifa.* cannot issue thereon until after a *fiat* on a *sci. fa.* suggesting assets, &c.

THE COURT, on motion of the defendant by his attorney, ordered the sheriff to correct his return, and the sheriff's return was accordingly corrected to *nulla bona.*

*Johnson,* for the plaintiff,
*Shaaff,* for the defendant.

*Note.* The judgment was considered as a judgment of assets *in futuro;* and that there should have been a *scire facias,* suggesting assets, if any had come to, or were in the hands of the administrator.